# ALECK BUDISH v. VILLAUME BOX & LUMBER COMPANY AND ANOTHER.[1]

September 26, 1930.

No. 27,977.

*Keller, Broady & Chapin,* for appellant.
*Orr, Stark, Kidder & Freeman,* for respondents.

STONE, J.

Action for personal injury wherein defendant had the verdict, and plaintiff appeals from the order denying a motion for a new trial. Defendant Gieseke was driving the car which caused plaintiff's injuries. Defendant Villaume Box & Lumber Company, a corporation, was his employer; so he can be conveniently referred to as though he were the only defendant.

Plaintiff had parked his car within six to eight inches of the right-hand curb on the busiest part of Fourth street in down-town St. Paul at about ten a. m. of May 14, 1929. His right front tire was flat. He was jacking up the wheel preparatory to a tire change when defendant, while parking his own car, backed into plaintiff. Defendant admitted doing so without warning to plaintiff. He did not discover plaintiff's presence until afterward.

[1]Reported in 232 N. W. 264.

■ Submission to the jury of the issue of contributory negligence is assigned as error. But we cannot say that in every and any reasonable view of the case plaintiff was free from negligence proximately contributing to the accident. He was on a busy street, not very wide, with double street car tracks on it, carrying a heavy traffic. Cars are customarily parked during business hours all along both curbs. The space in front of plaintiff's car had just been vacated by one car. The jury probably considered that in the exercise of due care he should have anticipated that another one would park there any moment, backing in out of heavy traffic to do so, and that it was incumbent on him to keep some lookout for his own safety. Apparently he failed to do so, and we cannot say as matter of law that the jury was wrong. As against the verdict, it is not controlling that plaintiff had a right to rely on the exercise of due care by others. On facts quite similar, the issue of contributory negligence was held for the jury in Sheldon v. James, 175 Cal. 474, 166 P. 8, 2 A. L. R. 1493; Reisinger v. McConnell, 265 Pa. 565, 109 A. 280; and Caplan v. Reynolds, 191 Iowa, 453, 182 N. W. 641. The case is distinguishable from one where the injured person is in full view of a chauffeur approaching in the usual manner and unembarrassed by such distracting circumstances as attend getting out of heavy traffic and parking. See Deitchler v. Ball, 99 Wash. 483, 170 P. 123; and Suddarth v. Kirkland Daley Motor Co. (Mo. App.) 220 S. W. 699.

■ There is no merit in the claim that defendant, while backing into the parking space, was driving on the wrong side of the street in violation of law. 1 Mason, 1927, § 2720-9. At the moment he was not traveling at all. He had stopped and was simply getting his car out of the traffic line to its intended stopping place. To that operation the statute requiring that travel keep to "the right half of the traveled portion of the highway" has no application. Due care is required as always, but there is no law making it negligence per se merely to back an automobile in order to park it against the curb. Sheldon v. James, 175 Cal. 474, 166 P. 8, 2 A. L. R. 1493.

Order affirmed.