## MANNING v. POWERS.

No. 7276.   Decided March 1, 1950.   (215 P. 2d 396.)

See 61 C. J. S., Motor Vehicles, sec. 541; Automobiles passing other vehicles, see note, 104 A. L. R. 485. See, also, 5 Am. Jur. 658.

*Willard Hanson,* Salt Lake City, *Stewart M. Hanson,* Salt Lake City, for appellant.

*Stewart, Cannon & Hanson,* Salt Lake City, *Ernest F. Baldwin, Jr.,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued to recover damages for alleged wrongful death of his 11 year old son Robert. From a judgment on a verdict of no cause of action, plaintiff appeals. He contends (1) that the verdict is contrary to the evidence, and (2) that the court erred in the charge to the jury, particularly by over-emphasizing the defense theory of contributory negligence.

In the light of adequate physical evidence as well as testimony which warranted a verdict in favor of defendant, the first contention must be overruled. The fatal accident occurred on October 6, 1947, on Second West street between Sixth and Seventh South streets in Salt Lake City shortly before 9:00 a. m. The defendant had stopped for the red light at Sixth South street, and proceeded southward when the light turned green. He testified that he was in the lane next to the center of the street. It is undisputed that the deceased, Robert Manning, in charge of the school traffic patrol in that area, was riding a bicycle, and emerged from a driveway on the west side of the street, then proceeded in a southerly direction along the west edge of the pave-

ment. The evidence would support a finding that the boy suddenly turned his bicycle toward the east after waving to several of his friends on the east side of the street and ran into defendant's car. Plaintiff's theory was that defendant was speeding, encroaching on Robert's right of way, and negligent by failure to sound his horn to warn Robert of his approach, and that under those circumstances defendant struck Robert's bicycle as the latter veered slightly to the east to get around a parked automobile on the west side of the street. The physical evidence was consistent with defendant's theory that Robert suddenly turned to the east and ran into the side of defendant's car. The black mark which appeared to have been made on the concrete pavement by the skidding of the bicycle tire, and the scratches on the pavement leading up to where the bicycle was found, indicate that the impact occurred in the lane next to the center of the street. Furthermore, the front of defendant's car was undamaged except for a small dent near the right headlight. There was a mark in the right fender, and the right side was mashed in, and from the large dent there was a scraping off of the dust from the area toward the rear.

Neither the deceased nor defendant gave any signal. Defendant testified that he did not anticipate that the boy would suddenly turn toward the east as if to cross the street, and that he did not sound his horn, but he attempted to turn out toward the east as the bicycle struck his car. A police officer gave an estimate of excessive speed based upon alleged brake-marks. However, his testimony considered in the light of cross examination and other evidence on the issue was not such as to compel a finding of excessive speed. Furthermore, were the contrary true, nevertheless, if the jury believed that the deceased turned his bicycle into the front or the side of defendant's car, defendant's speed would not be the proximate cause of the accident.

Plaintiff's theory, supported by some evidence, was that defendant ran into the bicycle while it was being propelled southward at the extreme west edge of the pavement, whereas the witnesses who were in a position to see the accident most clearly all testified that defendant's car was at least partially in the traffic lane next to the center of the street, and that deceased suddenly turned his bicycle eastward into the defendant's car or into the path of such car. There was ample evidence from which the jury could find that defendant was free from negligence, and also that deceased was guilty of contributory negligence.

As noted hereinabove, complaint is made by appellant of certain instructions of the court and of the refusal of the court to give certain of appellant's requests. By instruction No. 4, the court, after charging that contributory negligence on the part of the deceased would defeat plaintiff's claim, went on to instruct as follows:

"You are instructed in this connection that said Robert Manning was under a duty to exercise that degree of care for his own safety which would ordinarily be used by an ordinarily prudent boy of the same age, capacity, and experience.

"The age, capacity and experience of the said Robert Manning are factors which you mak take into consideration together with all of the evidence in the case in determining whether or not the defendant was negligent, so far as such factors were known to or in the exercise of ordinary care could have been seen by the defendant, or the said Robert Manning was contributorily negligent in accordance with these instructions.

"Each of the participants in the collision are presumed to have acted as reasonably prudent persons until proof is made."

Appellant's contention is that such instruction was erroneous and misleading, in that the age, capacity and experience of a child are matters which should be taken into consideration in determining whether or not the child was guilty of contributory negligence, and that whether or not a child's conduct amounts to contributory negligence is not determined by how such age, capacity and experience appeared to the defendant.

In so arguing, we are convinced that appellant's counsel misconstrued the instruction. By such instruction the court told the jury in effect that the defendant should, in the exercise of due care, regulate his conduct by knowledge of the fact, if he had such knowledge, that a child riding a bicycle on the street might not reasonably be expected to conduct himself with that degree of care and capacity which might be expected of an adult. He further charged that those factors might likewise be taken into consideration in determining whether or not the child was negligent. The court was not in error in so instructing, nor did the court err in refusing to give appellant's request on this same subject.

Appellant also assigns as error the instruction of the court relative to the duty of the defendant in regard to sounding his horn. The court, by instruction No. 10, in effect instructed that the driver of a vehicle intending to pass another vehicle does not, under all circumstances, owe the duty of sounding his horn, but rather that the sounding of the horn is left to the judgment of the operator in the exercise of due care. We see no error in the instruction. It comports with Sec. 57-7-206, subsection (a), U. C. A. 1943, wherein it is provided:

"* * * The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

True, in sec. 57-7-122, subsection (b), U. C. A. 1943, it is provided that the driver of a vehicle overtaken on the highway by another shall give way to the overtaking vehicle on audible signal. Since the court below gave an instruction based upon that statute, appellant contends that the two instructions on the sounding of a horn are inconsistent. We do not so construe them, nor do we believe that the jury could be misled thereby. The instructions in question dealt with different fact situations.

Finally, complaint is made that the court in the charge to the jury over-emphasized, by repetition, the defense of contributory negligence. It is true that the court instructed upon each allegation of defendant's answer, wherein a specific act of contributory negligence is alleged; but the court did likewise as to the charged acts of negligence upon the part of the defendant. We think that perhaps a single instruction covering the charged acts of contributory negligence might well have been sufficient in this case; but we cannot say after examining the instructions as a whole that they were unduly favorable to the defendant, nor that the jury was misled thereby. The assignments relative to the court's instructions are therefore overruled.

The judgment of the District Court is affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.