295 P.2d 832

Ray NAISBITT, Guardian ad litem for Darryl R. Naisbitt, a minor, Plaintiff and Appellant,

v.

Joseph EGGETT, Defendant and Respondent.

No. 8385.

Supreme Court of Utah.

April 11, 1956.

George C. Morris, E. L. Schoenhals, Salt Lake City, for appellant.

Stewart, Cannon & Hanson, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

This action was brought by a minor through his guardian ad litem to recover damages suffered by him when a sled on which he was riding collided with the automobile of the defendant. The trial judge granted defendant's motion for a directed verdict on the grounds that no actionable negligence on the part of the defendant had been shown.

Mueller Park Road, near Bountiful, Davis County, was designated as a play area

for children and posted with a sign reading, "Stop, Coasting Lane." The road was not, however, closed to traffic. Defendant, who resided on Mueller Park Road about one block east of an intersection with Ranch Road, noted the sign at the foot of the hill as he began his ascent on the day the accident occurred. As he neared the top of the Mueller Park Road hill, the engine of his automobile evidenced some difficulty, so he turned the car and left it parked on the right side of the road at a point near the Ranch Road intersection. He walked home, ate breakfast, and returned to move the vehicle by backing it towards his home.

At about the same time, plaintiff and his companions with their sled had received a ride to the top of the Ranch Road hill. A curve in Ranch Road caused vision to be obscured to within a short distance of the intersection near which defendant was backing his car, and the boys, after seeing the automobile, were unable to turn their sled sufficiently to the left side of the road to avoid colliding with it. Defendant, who was moving slowly backward, applied his brakes when he saw the sled rounding the curve and was completely stopped when the sled struck the left rear of the car, causing severe injuries to the minor plaintiff.

Plaintiff insists that defendant was on the wrong side of the road for backing his car and that had he not been on that side of the street, the accident would not have occurred. However, he cites us to no authority and there is no Utah statute governing which portion of the way is proper for backing. Apparently, his argument is that an automobile, if driven, must at all times move on the right side regardless of the direction the car is facing. There is very little authority on this subject, but the cases coming to our attention are in agreement in holding that statutes requiring that travel keep to the right half of the highway have no application to backing. Budish v. Villaume Box & Lumber Co., 181 Minn. 259, 232 N.W. 264; Sheldon v. James, 175 Cal. 474, 166 P. 8, 2 A.L.R. 1493; Newbern v. Leary, 215 N.C. 134, 1 S.E.2d 384. As a matter of practice, drivers of automobiles use that side of the street or highway which the driver is required to use in going forward; such a method is absolutely necessary in backing into a parking place in cities. Further, the backing of vehicles on the highway is not prohibited by law and cannot be negligence per se, although, of course, there may always be circumstances under which it is negligent to back an automobile.

Plaintiff claims that because defendant knew or should have known that children were playing in that area, it was negligence for him to back his car at all.

**8**

However, in order to reach such a holding, it would be necessary to hold that respondent had no right whatsoever to use the road to his home for vehicular travel in any manner, for it is obvious from the physical facts of the accident and the testimony of plaintiff and his friends who were with him at that time that respondent was proceeding with caution. He was traveling slowly, was watching for oncoming traffic, and had his car sufficiently under control that he was able to stop in the short interval between the time the sled careened around the curve and the collision. Had he been proceeding forward on the opposite side of the street, this accident would not have happened, it is true. But at the time of his backing the car, there was nothing to indicate that the opposite side of the road would involve less risk to others than the side he chose. In fact, it is possible that he purposely chose the right side of the street for backing because it gave him optimum view of traffic from both roads; such a choice can hardly be found to be unreasonable.

Further, it was not the act of backing which actually or legally caused the accident, for the automobile was stopped at the time of the collision; had the car been moving slowly forward in the same direction as the faster-moving sled, the mishap would have occurred in the same manner.

▮▮▮ Plaintiff further cites as negligence the failure of defendant to give warning of his approach to the intersection. U.C.A.1953, 41–6–146 provides that "The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway." This section has been interpreted as not placing a duty upon a driver to sound his horn in any particular traffic situation, but instead to require due care in the exercise of judgment as to whether such warning is necessary, Manning v. Powers, 117 Utah 310, 215 P.2d 396. Failure to give a warning signal does not constitute negligence when there is no apparent necessity for such a warning. Nelson v. Lott, 81 Utah 265, 17 P.2d 272. Under the circumstances of the present case, we agree with the trial court that reasonable men must conclude that there was nothing in the situation preceding the mishap to indicate that sounding a warning would avoid injury or danger to others, and when the danger became apparent, a warning would not have averted the accident.

▮▮▮ Defendant knew that Mueller Park Road was designated as a coasting lane. There is nothing in the record to indicate that he was warned or had any knowledge that children were also using Ranch Road in order to have a longer ride, although there is indication that they had done so

before. Mueller Park Road was open to traffic; in fact, it was necessary that defendant and other residents of both Ranch Road and Mueller Park Road use that road for access to their homes. Defendant proceeded with caution; nothing in his behavior provided a foreseeable risk either to other vehicles upon the roads or to children using the Mueller Park Road for sledding.

Although the injuries to the minor plaintiff were grave and the accident would not have happened had not the defendant's automobile been at that place at that particular time, defendant committed no wrongful act upon which a claim against him can be based. Similar cases concerned with children involved in sledding accidents are cited in defendant's brief: Pennington's Adm'r v. Pure Milk Co., 279 Ky. 235, 130 S.W.2d 24; Praded v. Magown, 88 N.H. 405, 190 A. 287; McBride v. Stewart, 227 Iowa 1273, 290 N.W. 700. In each of these cases, the defendant was driving with proper regard for the safety of others, but was unable to avoid a collision when children on sleds darted into the automobile's lane. In each case, judgment was granted defendant.

Judgment affirmed. Costs to respondent.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.