Jo Ann LE NEVE, Plaintiff-Respondent

v.

Harry RANKIN, Defendant-Appellant.

No. 23255.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Belisle & McNabb, Butler, for appellant.

Edward J. Murphy, Butler, for respondent.

CROSS, Judge.

Plaintiff Jo Ann LeNeve sues defendant Harry Rankin for damages on account of personal injuries resulting from a collision between an automobile in which she was riding as a passenger and an automobile driven by defendant. Defendant appeals from a judgment in favor of plaintiff in the sum of $8,500, entered upon the verdict of the jury trying the cause. The trial court is charged with error in refusing to enter a judgment for defendant at the close of all the evidence and in giving plaintiff's main instruction.

Plaintiff urges that defendant's brief is not in compliance with Supreme Court Rule 83.05 (a, c and e), V.A.M.R., and that the appeal should be dismissed. Although the brief does not meet the strict requirements of the rule, we are reluctant to inflict the drastic penalty resulting from a dismissal of the appeal. Due consideration will be given to the effect of any insufficiency in defendant's brief as it may af-

fect the propriety of reviewing points raised.

Plaintiff bases her right of recovery on the proposition that defendant was negligently backing his automobile in the path of the automobile in which she was riding, at a time and place when it was unsafe to do so, and that as a result defendant caused the collision and plaintiff's resulting injuries.

The collision occurred in daylight at about 4:30 P.M. on April 7, 1959, on Highway "A", about 1½ or 2 miles west of Rich Hill in Bates County, Missouri. The highway was blacktop, 22 feet wide, with shoulders on each side. No other vehicles or traffic were on the highway at the time.

Plaintiff's husband, Don LeNeve, was driving a Buick automobile west on the highway in the north lane, and on the right hand side. Plaintiff was riding in the right front seat. Mr. LeNeve testified that as the Buick was coming up the Stevener hill and approaching its crest, he saw "the top of defendant's car backing up the other side of the hill." It was on the north or right hand portion of the highway with the right front wheel three or four feet from the north edge of the highway. The Buick was then approximately 90 to 100 feet east of a private driveway leading north to the Stevener property and was then traveling about 45 miles per hour. Defendant's car was then west of the driveway at a point designated by LeNeve as opposite a tree in the southwest corner of the Stevener yard. LeNeve did not measure the distance but estimated it at approximately 200, 250 or 300 feet. The first thing LeNeve did was to apply the brakes. Defendant was still backing up. LeNeve tried to cut the Buick to the left side of the road but "he was at such an angle—there wasn't no chance to miss him". Defendant's car was still moving backward at the time of the impact. It traveled 50 or 60 feet backward from the time LeNeve first saw it until the impact. The point of collision was estimated at about 25, 30, 40 or 50 feet west of the driveway. Defend-

ant applied his brakes just before the impact.

Plaintiff's witness, J. B. Fleming, a photographer, identified photographs he had made for both plaintiff and defendant. Actual measurements made by the witness showed the distance from the driveway to the tree in the southwest corner of the Stevener yard to be 100 feet.

Plaintiff testified that as they came to the crest of the hill and were a few feet from it, they saw defendant's car backing toward them. She was looking ahead and observing the road. Her husband instantly applied the brakes, but there was not time or room to do anything as defendant was backing at an angle. She estimated that defendant's car was possibly 50 feet west of the driveway when she first saw it and stated that the driveway and the crest of the hill were about even. She saw defendant's taillights glare just before the collision.

Called as a witness by plaintiff, Trooper S. A. Wollard testified he was called to investigate the accident and arrived at the scene at approximately 4:45 P.M. It was daylight and cloudy. The highway was wet or partially wet. The two vehicles were both in the traveled portion of the roadway. The LeNeve car was approximately 95 feet west of the driveway. Defendant's car was approximately 175 feet west of the driveway. Defendant's car was more on the north half of the road than the south half. There were no tire marks on the shoulder. Debris was found at the place the Trooper considered the point of impact. Skidmarks were observed on the north side of the roadway, beginning approximately 90 feet east of the driveway and extending west to the debris for a total distance of 140 feet. The first 90 feet of the skidmarks were upgrade. The remaining 50 feet were on level or slightly downhill surface. The debris was on the north side of the road, on the right hand side facing west, and was approximately 50 feet west of the driveway. Trooper Wollard talked to plaintiff's husband, who stated:

"I came over the hill and he was backing up and I could not miss him".

Mrs. Francile Cummings, a nurse and for ten years an employee of the Butler Hospital, testified on behalf of plaintiff that defendant Rankin was brought to the hospital on April 7th after the accident and was removed from it on April 10th. Mrs. Cummings testified that on April 9th, while attending defendant in his room at the hospital: " * * * I asked him how it happened anyway * * * and * * * he said he had missed throwing a paper and he was backing up the hill when suddenly something hit him in the rear * * * ".

Defendant was operating a newspaper route. While delivering papers on the afternoon of April 7th, he drove his Ford automobile west on Highway "A". He was assisted by an employee, a school boy named Jerry Jennings, who was riding in the front seat on defendant's right. Defendant threw a paper for the Steveners as he passed their driveway. He said the wind was from the north and blew the paper back down the bank. He knew that had happened because "Jerry said it blowed back". Defendant testified that he did not look to the rear but looked in the rear view mirror where he had a view of 300 feet back, and saw nothing, pulled to the right hand shoulder, stopped the car, shut the switch off, put it in low gear and started to get out, but didn't remember much else. He thought he was then about 50 feet west of the driveway.

Jerry Jennings, defendant's school boy assistant and witness, testified he had no recollection of an accident and that as far as he would know, Mr. Rankin was backing up at the time of the accident.

Defendant's witness, Sherrell M. Morton, an automobile mechanic, produced transmission parts he had taken from defendant's Ford and pointed out that the reverse gear had no damage, but that seven teeth on the low gear were chipped on the forward side. That condition indicated to him "that this car was being pulled into a forward gear", but "it hadn't been completely embanked into the gear here at the time". He would not say the car was in low gear at the time of the impact.

Defendant first assigns as error the trial court's refusal to sustain his motion for judgment at the close of all the evidence. It is argued that plaintiff had not made a submissible case because her evidence (1) established no negligence on the part of the defendant, (2) conclusively shows plaintiff's husband was negligent per se and that his negligence was the sole cause of plaintiff's injuries, and (3) fails to show any negligence on the part of defendant causing or contributing to the collision. In considering this point, our view of the evidence will be from the standpoint most favorable to plaintiff. She is entitled to the benefit of any part of defendant's evidence favorable to her, not inconsistent with her fundamental theory of recovery, and the benefit of all reasonable inferences from all the evidence. Defendant's evidence unfavorable to plaintiff will be disregarded. Fenneren v. Smith et al., Mo., 316 S.W. 2d 602; Peterson v. Tiona, Mo.Sup., 292 S.W.2d 581.

The case was submitted under plaintiff's verdict directing instruction which required the jury to find, as prerequisite to a plaintiff verdict: that defendant was backing his automobile toward the east, up the western slope of the hill, in the north lane, at a time when the LeNeve car was approaching the crest of the hill from the east and so close as to constitute an immediate hazard, and at a time when the highway was not sufficiently free from approaching vehicles to permit defendant to back his vehicle without danger of collision; that defendant was negligent in so doing; that the collision and plaintiff's injuries occurred as a direct and proximate result of defendant's negligence; and, that plaintiff was not contributorily negligent.

We cannot agree with the statement made in defendant's brief that there is no substantial evidence that defendant was

backing up. The record contains an abundance of such testimony.

Both plaintiff and her husband testified that as they approached the crest of the hill defendant was backing his car up the opposite slope of the hill, toward them, on their right side of the road. This direct evidence is supplemented by the testimony of Mrs. Cummings that defendant Rankin admitted he was backing up the hill after he had missed throwing a newspaper. Additional evidence from which the jury could infer that Rankin was backing up comes from a witness produced by defendant. Mr. Morton, the mechanic, testified that in his opinion Rankin's car was being pulled into a forward gear at the time of impact, but that the shift had not been completed. He would not say that Rankin's car was then in low gear. The mechanic's evidence contradicts defendant's testimony that he had stopped and parked in low gear, and corroborates plaintiff's evidence that defendant was backing up the hill and applied his brakes while so doing just before the impact. The jury, as men of experience in the ordinary affairs of life, could reasonably infer that the low gear teeth were chipped by defendant's effort to shift into that forward gear position while the car was traveling backward and when the gear mechanism was revolving in an opposing and resistant direction.

 Defendant admits there is *some* evidence that he was backing his car, but argues that it is not substantial. He says that the testimony of witnesses relative to sight distances and numerous photographic views of the road demonstrate that plaintiff's evidence is contrary to physical facts. The argument is unavailing. The measurements and observations of space and distance made by witnesses after the accident and the photographs in evidence do not decisively affect the question of the substantiality of evidence to support the submission of plaintiff's case to the jury. In any event, the effect of these matters was for the jury to determine. Fenneren v. Smith, supra.

We accept as true all of plaintiff's evidence that defendant was backing and reject defendant's evidence to the contrary.

 We believe the jury was justified in finding defendant negligent under the circumstances shown in evidence. In our opinion, it is not the exercise of the highest degree of care to back an automobile up a hill, toward its crest in an eastern direction on the westbound lane of traffic, under the conditions shown to exist. The natural and probable result to be expected from that act would be the creation of an immediate traffic hazard by the likely approach of another vehicle over the hill behind the backing automobile, traveling in the same lane. We see no difference in the degree of care required of a motorist in backing an automobile in a lane of opposing travel and in driving an automobile forward on the wrong side of the highway.

Defendant claims he looked to the rear, that he could see for 300 feet, and that no vehicle was in sight. Notwithstanding, the jury was not constrained to believe him and to find there was no immediate hazard. It was within the province of the jury to believe the testimony of plaintiff and her husband that the hill obscured their view of defendant's car until their car was 90 feet from the crest, at which point the top of Rankin's Ford instantly appeared in view on the other side of the hill. It is apparent from the verdict that the jury so found, and also found that an immediate hazard of collision was caused by defendant in backing his car at the time and place in question. Those findings were permissible under the evidence and the instructions.

 Whether plaintiff's husband was negligent and contributed to the cause of the collision is not before us. Any negligence on his part will not be imputed to plaintiff. It is immaterial here whether the jury found LeNeve negligent or exercising due care, unless negligence on his part was the sole cause of the accident, as

defendant contends. In view of the evidence, we cannot say, as a matter of law, that negligence on the part of plaintiff's driver was the sole cause of the collision. That issue was presented to the jury under defendant's sole cause instruction and was resolved in plaintiff's favor. Even if Le-Neve was found guilty of negligence, the jury could return a verdict against defendant if they believed there was also negligence on his part causing or contributing to the casualty. Defendant relies upon Doggendorf v. St. Louis Public Service Co., Mo.App., 333 S.W.2d 302, and cases discussed in the opinion, as authority for the proposition that plaintiff's husband was negligent per se, and that his negligence was the accident's sole cause. We have examined those cases and find nothing in them contrary to our views here stated. We think the jury properly found the issue otherwise.

■ Defendant says that plaintiff's evidence fails to show any negligence on his part *causing or contributing to cause* the collision, but makes no supporting argument. Branstetter v. Gerdeman et al., 264 Mo. 1230, 274 S.W.2d 240, 241, and Donnelly v. Goforth, Mo.Sup., 284 S.W.2d 462, cited and quoted from by defendant, contain abstract statements of principle which are not applicable to the present discussion. The facts in evidence support the jury's finding that defendant's negligence was a proximate cause of the accident.

We find no merit in defendant's first assignment and rule that plaintiff's case was adequately supported by substantial evidence and was properly submitted to the jury.

■ Defendant's remaining contention is that plaintiff's verdict directing instruction is erroneous. The brief writer has not seen fit to set out the text of the instruction or any portion of it as required by Rule 83.05(a). Despite the infraction, we have examined the instruction and the complaints directed against it. We believe the instruction is sufficient and free of the faults charged.

The instruction contains the following language: "* * * if you find * * * that * * * Defendant Harry Rankin was backing his motor vehicle in an easterly direction on the west bound lane of said highway, if so, and up the western slope of the hill mentioned in evidence, at a time when the automobile in which Plaintiff was riding as a passenger was approaching the crest of the said hill from the east and so close thereto as to constitute an immediate hazard, and at a time when said highway was not sufficiently free from approaching vehicles to permit Defendant to back his vehicle without danger of collision".

■ Defendant argues that the instruction should have additionally required the jury to find "a vision distance", before they could find "a hazardous condition", and should have required a finding that defendant was backing his car up a hill "when the vision was obscured or obstructed". In our opinion, the instruction was sufficient without those elements. This view is supported by Scott v. Gray, Mo.Sup., 337 S.W.2d 38, 42. There it was contended that plaintiff's verdict directing instruction, which required a finding that defendant was "approaching so closely on Second Street as to constitute an immediate hazard", was insufficient in that it did not completely set out the duties of either plaintiff or defendant. Appellant insisted the instruction should have stated the speed at which plaintiff was traveling; how far defendant was from the intersection when plaintiff entered it; defendant's speed; the atmospheric and lighting conditions; and natural hazards such as hills or curves. The court found no merit in the contentions and ruled that the submission of the detailed facts was not required.

■ Defendant says, without argument or citation, that the instruction should have submitted "that defendant knew or should

have known in the exercise of the highest degree of care, that the backing of his car, if he was backing, was creating a condition of hazard for cars approaching from the east". We see no reason why the suggested finding should have been included in the instruction.

Defendant's final complaint is a statement that the instruction is confusing and misleading. It is not suggested how or for what reason the instruction would confuse and mislead the jury. No supporting argument is made. The statement is a mere unsupported conclusion and presents nothing for review. Scott v. Gray, supra.

The judgment is affirmed.

All concur.