397 P.2d 66

Verneta CORNIA, Plaintiff and Appellant,

v.

ALBERTSON'S, a corporation,

Defendant and Respondent.

No. 10062.

Supreme Court of Utah.

Dec. 7, 1964.

Woodrow D. White, Salt Lake City, for appellant.

Bayle, Hurd & Lauchnor, Salt Lake City, for respondent.

CALLISTER, Justice.

Personal injury action in which plaintiff claimed she suffered injuries in a fall due to a slippery substance on the floor of defendant's store. Upon the basis of the jury's answers to a special verdict, the lower court entered a judgment of no cause of action and plaintiff appeals.

The special verdict submitted to the jury contained five questions which, in substance, were: (1) Whether plaintiff was injured as a result of a fall in defendant's store; (2) Whether any employee of defendant had placed any slippery substance upon the floor; (3) Whether any slippery substance had been on the floor for such a length of time to have permitted the employees to have notice thereof and remove the same prior to plaintiff's fall; (4) Whether plaintiff failed to keep a proper lookout; and, (5) The amount of damages.

After the jury had deliberated for about two hours in the jury room, the trial judge summoned them and reconvened court. It was then 6:31 p. m. He inquired as to their

appetites and asked them if they had answered any of the questions. The jury foreman advised that they had. Whereupon, the judge asked to see the special verdict, and it was passed to him. The foreman then advised the court that the jury had done more than the verdict indicated, and that they were down to one question. The verdict was then returned to the foreman, who filled in the answers to the questions that the jury had apparently decided. It was then passed to the judge.

After looking at the verdict a second time, the trial judge inquired of the foreman if more than six jurors would sign as to the first two answers. The foreman replied, "Six, yes sir, or more." The court returned the verdict to the foreman stating that, "Well, let's have six sign that, and then I believe I will have some help for you. * * *"

The verdict was then circulated among the jurors for signatures and then returned to the court. The court viewed the verdict and stated:

"The Court: The answers are as follows, and I will let counsel know and ask you to show by raising your hands if you have agreed with this answer. * * *"

The court then went on to read the first two questions and answers, and in doing so polled the jury by a showing of hands as to their agreement on the answers. When he reached the third question, the court observed that only five jurors had signed the answer thereto. He made inquiry and was advised that the jury was still in disagreement. He thereupon advised them that he could not be of assistance and sent them to dinner.

Plaintiff assigns the foregoing as prejudicial error. We agree. In Johnson v. Maynard,[1] this court stated:

"* * * After the jurors have retired to deliberate their privacy is sacrosanct. It is their exclusive prerogative to determine the facts in their deliberations. For this purpose the privacy of the jury room should be preserved from influence from outside sources or any semblance thereof. * * *"

In the Johnson case the trial judge, at the request of the jury, went into the jury room to advise them upon a point of law. It was done in the absence of, and without the consent of, counsel. In the instant case the jury was brought into open court and, at the invitation of the judge, conducted their voting and exposed their individual answers to the first two questions of the special verdict.

Undoubtedly, the lower court was endeavoring to be helpful. If the jury had

1. 9 Utah 2d 268, 342 P.2d 884 (1959).

answered the first three questions favorable to defendant, there would have been no necessity to answer the last two. However, it remains a fact that the jury's privacy was invaded. This was plainly error. Such an invasion of the jury's privacy is inconsistent with the way the jury system was intended to operate, and we cannot speculate as to whether it was harmful or not.

In view of the foregoing conclusion, it is not necessary to consider other points of error raised by plaintiff.

Reversed and remanded for a new trial. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.