429 P.2d 44

**Don BARTON, Plaintiff and Respondent,**

**v.**

**John JENSEN, Defendant and Appellant.**

**No. 10722.**

Supreme Court of Utah.

June 12, 1967.

L. E. Midgley, Salt Lake City, for appellant.

Don V. Tibbs, Manti, for respondent.

TUCKETT, Justice.

The plaintiff commenced this action seeking to recover for personal injuries and property damages arising out of a motor vehicle collision which occurred between the vehicle being operated by the plaintiff, and one being operated by the defendant.

On September 23, 1965, the plaintiff was operating his grain truck in a southerly direction on State Highway 11 in Sanpete County. The defendant was operating his pickup truck in the same direction ahead of the plaintiff. It was mid-afternoon and the day was clear and the road dry. The highway on which the parties were driving in a southerly direction traversed a rural area consisting of pasture lands on either side of the highway. There were no intersecting highways but there were gateways to the fields alongside of the highway. The plaintiff who was traveling at a faster rate of speed than the defendant overtook and attempted to pass the defendant's vehicle at a time when the defendant commenced a left turn in order to enter a pasture on the east side of the road. The plaintiff attempted to avoid a collision by applying his brakes and attempting to turn his vehicle to the right but was unable to do so. As a result of the collision the plaintiff's truck overturned resulting in damage to the truck and personal injuries to the plaintiff. The defendant testified that before commencing the left turn he had signaled his intention by use of the signal light on his vehicle. However, there was testimony to the effect that the signal lights on the defendant's truck were covered with dust to such an extent that the signal was not visible to the rear.

At the conclusion of the testimony the court submitted the case to the jury upon a special verdict. The verdict consisted of three pages and required the jury to make findings on six propositions. The first five propositions dealt with negligence on the part of the plaintiff and the defendant and proximate cause. The part of the verdict which dealt with damages was set forth upon the third page of the verdict.

The jury returned a verdict wherein it answered propositions set forth on the first two pages which dealt with liability, and which the foreman of the jury signed at the end of the second page. The court, after examining the verdict, returned the verdict to the jury and asked that it be reconsidered, stating as follows:

You have found on Proposition No. 2 that the defendant was negligent in

not giving an adequate signal that the defendant intended to make a left turn. You say he did not give enough of a signal for the car in the rear to see it. You say that he did not cause the accident. On contributory negligence you say the plaintiff was negligent in failing to see a signal. You say before, he did not give a signal that could be seen, so that he could not be negligent in failing to see one that could not be seen. Do you see the inconsistency?

The verdict returned by the jury contained the following proposition No. 3:

The negligence of the defendant that we have found on Proposition 2 or Proposition___ was the proximate cause of the collision.

The jury answered that question as being false.

When the jury returned to the courtroom the second time, Proposition No. 6, which dealt with damages, had been filled in by the jury, and the same had been signed by six of the jurors, including the foreman. The jury also changed its answer to Proposition No. 1, which was as follows:

The plaintiff was contributorily negligent in failing to keep a proper lookout for a signal or indication that the defendant was intending to turn to the left. · ·

The original answer was "true" but when the verdict was returned the second time the answer had been changed to "false." Upon the jury returning a second time the court proceeded to poll the jury and in so doing appears to have gone beyond ascertaining whether the verdict returned was in fact the one agreed upon by at least six members of the jury. The court proceeded to ask members of the panel certain questions concerning their findings. For example, the court made the following comment:

On this Proposition 3, there are six of you that have found that the failure to give a signal was the proximate cause, but your answer on the verdict was that there was—it was not a proximate cause, you have answered "False." That is inconsistent with your answer now that it was the proximate cause.

The foreman of the jury replied "The questions are confusing back and forth. Maybe people used to it, it is clear, but to us it is not." The court then proceeded to interrogate the foreman further as follows:

Your opinion, now, Mr. Nell, is that the lead automobile did not give an adequate signal and that was the proximate cause of the collision?

Mr. Nell's answer to that question was "Yes." The Court continued to inquire

of the members of the jury collectively and individually as to their findings concerning the negligence of the defendant and the contributory negligence of the plaintiff. Based upon the verdict and the answers to questions propounded to the jury after they had returned the verdict, the Court entered judgment for the plaintiff.

■ We are of the opinion that the Court interrogating the members of the panel after they had returned the verdict went beyond what is ordinarily considered "Polling the jury." It is quite apparent that some of the members of the jury at any event may have changed their opinion as to the merits of the cause as a result of the questioning in open court by the judge. We are of the opinion that the interrogation on the part of the Court was error and that the matter should be returned for a new trial.[1]

■ A majority of the members of the Court are of the opinion that in cases such as this, which consist of simple negligence, where only two parties are involved, it would be better practice to submit the case to the jury upon a general verdict. It appears that the best efforts of trial judges to make interrogatories simple, concise and understandable still result in juries misunderstanding what is intended.

In view of the fact this case must be returned for a new trial it appears necessary that we comment upon another problem which has been presented to us upon this appeal.

■ Objection is made to one of the instructions of the court which is as follows:

> There is no duty of the driver of an automobile to sound the horn upon his intending to pass another vehicle.

We are of the opinion that the objection is well taken. While there is no general duty upon the driver to sound his horn before passing other vehicles, he does have a duty to give an audible warning of his approach and intention to pass where it would appear from all the circumstances that such warning is reasonably necessary to insure safe operation.[2]

The judgment of the court below is reversed and the court is ordered to grant a new trial. Costs to appellant.

CROCKETT, C. J., and HENRIOD and CALLISTER, JJ., concur.

---

1. Cornia v. Albertson's Corp., 16 Utah 2d 145, 397 P.2d 66; Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884.

2. Sections 41–6–55(b) and 41–6–146, U.C.A.1953; Manning v. Powers, 117 Utah 310, 215 P.2d 396; Naisbitt v. Eggett, 5 Utah 2d 5, 295 P.2d 832.

**200**

ELLETT, Justice (concurring in the result).

I concur in the result reached but not in the advice given to the trial court on the type of verdict to use in simple negligence cases. My 32 years' experience as a trial judge convinces me that a jury is more likely to reach a correct verdict when it must find the specific facts underlying liability than when it simply gives effect to its opinion as to who should win. Sympathy is more likely to creep into a general verdict than into a special verdict. The tendency of a jury of sympathetic men is to give in a general verdict a fractional part of a just award rather than turn an injured plaintiff out, although a correct finding of the facts would require a no cause of action verdict.

I think the trial judge confused the jury regarding an immaterial issue of contributory negligence. There had been a finding of negligence on the part of the defendant and a further finding that such was not a proximate cause of the collision. It, therefore, was not necessary to consider any inconsistent finding regarding contributory negligence on the part of the plaintiff.

I would reverse the judgment and remand the case for a new trial and award costs to the defendant without advising the trial judge which verdict to use on retrial.