*Aileen BOUNDS, Plaintiff-Respondent,*

v.

**SCOTT CONSTRUCTION COMPANY,**
Defendant-Appellant.

No. 56708.

Supreme Court of Missouri,
Division No. 1.

Sept. 10, 1973.

Wm. Howard Bloodworth, Bloodworth & Bloodworth, Poplar Bluff, for plaintiff-respondent.

John A. Schneider, Samuel Richeson, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendant-appellant.

WELBORN, Commissioner.

Action for damages for personal injuries arising from collision between auto driven by plaintiff-respondent Aileen Bounds and road grader owned by defendant-appellant Scott Construction Company and operated by its employee. Jury returned verdict for plaintiff for $35,000. Defendant, by notice of appeal filed prior to January 1, 1972, appealed from the ensuing judgment.

Scott Construction Company was the contractor on a project for the improvement of State Highway 21 in the vicinity of Ellington, Missouri. The project involved surfacing the roadway with a 24′ bituminous pavement. On the date of the

collision here involved, July 15, 1969, the paving had been completed and the contractor was engaged in shaping the shoulders as called for in the contract.

Arthur Martin, an employee of Scott, was operating a diesel powered grader in carrying out this work. He was working on the east shoulder of the north and south highway. A bulldozer pushed dirt onto the shoulder from the bottom of a fill and left it in piles on the shoulder. Martin spread the dirt along the shoulder with his grader, with the blade protruding on the right side of the grader. According to Martin, he was working on stretches of from 100 to 150 feet in length. He drove the grader northward that distance and then put it in reverse, remaining on the same side of the roadway. As he was backing the grader he saw the automobile driven by Aileen Bounds approaching from the south in the lane of travel in which he was backing the grader. According to Martin, he looked to the north to see whether or not there was traffic approaching from that direction and seeing none, he attempted to signal the driver of the auto to pass the grader on the left in the southbound lane of the highway. Instead of doing so, the car came straight at the grader with its wheels locked and struck the grader on the right rear wheels. Miss Bounds sustained injuries, the nature and extent of which are not here relevant.

Miss Bounds testified that she was driving from her home at Hunter, Missouri to her place of employment in Ellington. She was driving north on Route 21 at around 7:15 A. M. About two miles from the site of the collision, she noticed a sign at the south end of the new highway, the import of which was "Proceed with Caution." She slowed to 50 to 55 miles per hour. She came over a hill crest and saw the grader about 300 feet ahead of her. The righthand rear wheel of the grader was in the northbound lane and the left rear wheel about two feet across from the center of the roadway. The grader was backing up the hill. She applied her brakes

and swerved to the left. Because of gravel and dirt on the roadway, the car did not respond and continued straight ahead until it struck the grader.

Plaintiff submitted her case on the grounds that the operator of the grader was negligent in driving on the wrong side of the road. MAI No. 17.13. Although the allegations of plaintiff's petition and counsel's remarks on opening statements leave some doubt as to whether the charge of negligence in operating on the wrong side of the road was based upon a claim that a portion of the grader extended across the center line or upon the backing in the righthand lane, plaintiff's counsel's closing argument was clearly based upon the latter theory. Appellant's contention that the submission was not supported by the evidence then turns upon whether or not the southward backing of the grader in the lane of the highway intended for northbound traffic amounts to driving on the wrong side of the road in violation of § 304.015, RSMo 1969, V.A.M.S.

No Missouri case dealing directly with this question has been found. Respondent argues that Le Neve v. Rankin, 341 S.W. 2d 358 (Mo.App.1960), supports the submission here made. That case did involve a collision between a vehicle traveling forward in its proper lane of travel and a vehicle being backed toward it in the same lane. In its opinion the court stated (341 S.W.2d 363[6, 7]):

"We believe the jury was justified in finding defendant negligent under the circumstances shown in evidence. In our opinion, it is not the exercise of the highest degree of care to back an automobile up a hill, toward its crest in an eastern direction on the westbound lane of traffic, under the conditions shown to exist. The natural and probable result to be expected from that act would be the creation of an immediate traffic hazard by the likely approach of another vehicle over the hill behind the backing automobile, traveling in the same lane. We see no difference in

the degree of care required of a motorist in backing an automobile in a lane of opposing travel and in driving an automobile forward on the wrong side of the highway."

Respondent relies upon the last sentence from the quotation as holding that backing in the righthand lane amounts to driving on the wrong side of the road. Such is not the true import of the statement, which deals only with the degree of care required in either situation. Actually, the case was not submitted on driving on the wrong side of the road, but on backing when plaintiff's vehicle was so close as to constitute an immediate hazard and at a time when the highway was not sufficiently clear from approaching vehicles to permit defendant's backing without danger of collision. 341 S.W.2d 362[2].

In the case of Naisbitt v. Eggett, 5 Utah 2d 5, 295 P.2d 832 (1956), the court considered the problem here presented in a case involving a backing auto and a sled. In its opinion, the court stated (5 Utah 2d 7–8[1, 2] [3], 295 P.2d 833 [1, 2] [3]):

"Plaintiff insists that defendant was on the wrong side of the road for backing his car and that had he not been on that side of the street, the accident would not have occurred. However, he cites us to no authority and there is no Utah statute governing which portion of the way is proper for backing. Apparently, his argument is that an automobile, if driven, must at all times move on the right side regardless of the direction the car is facing. There is very little authority on this subject, but the cases coming to our attention are in agreement in holding that statutes requiring that travel keep to the right half of the highway have no application to backing. Budish v. Villaume Box & Lumber Co., 181 Minn. 259, 232 N.W. 264; Sheldon v. James, 175 Cal. 474, 166 P. 8, 2 A.L.R. 1493; Newbern v. Leary, 215 N.C. 134, 1 S.E.2d 384. As a matter of practice, drivers of automobiles use that side of the street or highway which the driver is required to use in going forward; such a method is absolutely necessary in backing into a parking place in cities. Further, the backing of vehicles on the highway is not prohibited by law and cannot be negligence per se, although, of course, there may always be circumstances under which it is negligent to back an automobile.

"Plaintiff claims that because defendant knew or should have known that children were playing in that area, it was negligence for him to back his car at all. However, in order to reach such a holding, it would be necessary to hold that respondent had no right whatsoever to use the road to his home for vehicular travel in any manner, for it is obvious from the physical facts of the accident and the testimony of plaintiff and his friends who were with him at that time that respondent was proceeding with caution. He was traveling slowly, was watching for oncoming traffic, and had his car sufficiently under control that he was able to stop in the short interval between the time the sled careened around the curve and the collision. Had he been proceeding forward on the opposite side of the street, this accident would not have happened, it is true. But at the time of his backing the car, there was nothing to indicate that the opposite side of the road would involve less risk to others than the side he chose. In fact, it is possible that he purposely chose the right side of the street for backing because it gave him optimum view of traffic from both roads; such a choice can hardly be found to be unreasonable.

"Further, it was not the act of backing which actually or legally caused the accident, for the automobile was stopped at the time of the collision; had the car been moving slowly forward in the same direction as the faster-moving sled, the mishap would have occurred in the same manner."

■■ The reasoning of the court in that case is persuasive here. On that basis, the backing of the grader in plaintiff's lane of travel did not constitute driving on

**768**

the wrong side of the road in violation of § 304.015, RSMo 1969, V.A.M.S., and that theory of submission of negligence was not available to plaintiff. However, on this record it cannot be stated that plaintiff could not find a supported basis upon which to charge defendant with negligence in these circumstances, and the case should be remanded for new trial rather than reversed outright. Grissom v. Handley, 410 S.W.2d 681, 690[17] (Mo.App.1966).

■ Since the case is to be reversed and remanded, two further matters advanced by appellant must be considered. Appellant contends that plaintiff is guilty of contributory negligence as a matter of law because of failure to keep a lookout, excessive speed and failure to take evasive action. The evidence on the first two matters was conflicting. Plaintiff and the operator of the grader disagreed as to the distance within which plaintiff in approaching over the crest of a hill could have seen the grader. The plaintiff and the operator disagreed as to plaintiff's rate of speed. Giving plaintiff the benefit of her testimony to a 300' sight distance and to a speed of between 50 and 55 miles per hour, these matters were for the jury.

■ Plaintiff testified that she attempted evasive action but that her auto did not respond because of the presence of gravel and dirt on the highway, the result of defendant's work on the shoulder. In view of this testimony, her lack of success in attempted evasive action cannot be charged as negligence as a matter of law.

Appellant also contends that the trial court should have given its offered instruction which would have extended to defendant the protection of governmental immunity if the jury found that defendant performed the work on Highway 21 under a contract with the State Highway Commission and in accordance with the commission's plans and specifications. Appellant contends that, under Rector v. Tobin Construction Company, 377 S.W.2d 409 (Mo.

banc 1964), it was entitled to such instruction.

■ Rector involved the liability of a contractor on a trespass theory, the court noting that the contractor "has been guilty of neither negligence nor wilful tort * * *." 377 S.W.2d 414[5]. Here the claim of plaintiff is based on negligence and defendant is not entitled to the protection of the cloak of governmental immunity. 64 Am.Jur.2d, Public Works and Contracts, § 133, p. 1004 (1972).

Reversed and remanded.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.